WHEELER vs. THE MERIDEN CUTLERY COMPANY.

*Nonsuit — Abandonment of disputed claim.*

In an action upon a controverted claim, *held*, that the plaintiff's own testimony showed a previous valid agreement to relinquish the claim in dispute, and that it was error to refuse a nonsuit.

Wheeler vs. The Meriden Cutlery Company.

APPEAL from the Circuit Court for *Rock* County.

Action to recover for " shortage " on an invoice of goods purchased of the defendant in June, 1863, and forwarded, as directed, to the plaintiff at Janesville. The plaintiff proved on the trial, that on the arrival of the goods they were found to be short, and did not correspond with the bill by the amount of $53.56; that he wrote to the defendant's secretary in New York in reference to the deficiency, and received a reply requesting him to remit payment on the bill for what he thought to be right, and assuring him that the matter would be made satisfactory on the plaintiff's next visit to New York. Thereupon the plaintiff sent a draft for the goods of $150, and a few weeks later, having the impression that he had previously deducted the "shortage," he sent a second draft for the entire balance of the bill. In September following, he visited New York, and there had an interview with the secretary of the company, as stated in the opinion.

After the plaintiff rested, a motion for a nonsuit was denied. Verdict and judgment for plaintiff; new trial refused; and appeal from the judgment.

*J. B. Cassoday* and *Willard Merrill*, for appellant, to the point that there had been a settlement of the matter in dispute, and that such settlement was conclusive, cited and commented upon *Martin v. Beckwith*, 4 Wis. 219 ; *Vosburgh v. Teator*, 32 N. Y. 567 ; *Jackson v. Gager*, 5 Cow. 386 ; *Jackson v. Dysling*, 2 Caines, 198 ; *Davis v. Townsend*, 10 Barb. 345 ; *Crans v. Hunter*, 28 N. Y. 394 ; *Gates v. Shutts*, 7 Mich. 127.

*L. F. Patten*, for respondent.

Cole, J. We are of the opinion that the motion for a nonsuit should have been granted in this case. It appears from the plaintiff's own testimony, that when he was in New York, in September, he had a conversation with the secretary of the defendant about the goods being short which he had pur-

- chased. He says: "After we talked some time, he (the secre-tary) told me he was satisfied if I was. I told him I was. I then supposed I was still owing him $53.56. He then informed me that I had sent the full amount of the bill, and insisted that there could be no mistake. I insisted there was some-thing wrong about the packer," etc. "The next day I sent back to the defendant's store to buy another bill of goods. * * They at first declined to let me have any more goods. They had goods which I could get no where else, and I urged them quite hard to let me have another bill. *They finally consented, upon my agreeing to pay according to their invoice.*" In another place he says: "They refused to let me have the new bill of goods until I promised upon my honor to pay for them according to their invoice, but I intended at the time to keep back $53.56."

This testimony shows that while there was a dispute be-tween the parties as to whether all the goods had been shipped or not, it was finally agreed, in consideration that the defend-ant would let the plaintiff have another bill of goods which he wanted, that the latter would pay for them according to the invoice. This was a valid agreement, made upon a sufficient consideration, to relinquish all claim for goods which had not been shipped to him. True, the plaintiff says, that, at the time he made this agreement to consider the past trans-actions settled, he intended to keep back $53.56 out of the goods which might be sent him. But this will not do. A mental reservation not to abide by the agreement which he had made, will not help him. The question is, Did he agree, in consideration that the defendant would let him have another bill of goods, that he would pay the invoice price, thus aban-doning his claim for goods that had not been sent him? If he did, he is surely bound by the agreement, since it was made upon a sufficient consideration. The only doubt we have had in the case was, whether it should have been left to the jury to

find that such an agreement was made. But we think it clearly appears from the plaintiff's own testimony, that such an agreement was made, and therefore it becomes simply a question of law, whether it was binding upon the plaintiff. If, in consideration that another bill of goods should be sold him by the defendant, he agreed to give up a disputed claim, he is bound by the arrangement. He acted upon a full knowledge of all the facts, and must abide by the settlement which he then made. The matter whether all the former bill of goods had been shipped, was in dispute between the parties, and they saw fit to settle it in this manner. Upon well settled principles of law, they are bound by it.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.