| 72 | 129 |
| 78 | 11 |
| 72 | 129 |
| 92 | 313 |
| 72 | 129 |
| 114 | 64 |

WOODFORD, Appellant, vs. MARSHALL, Respondent.

*August 29 — September 18, 1888.*

*Vendor and purchaser of land: Deficiency in quantity of timber as represented: Accord and satisfaction: Counterclaim.*

In an action for the balance of the purchase price of pine lands the defendant counterclaimed for a shortage in the amount of timber which the plaintiff had represented to be upon the land and from which the consideration of the sale had been determined. He

VOL. 72 — 9

> alleged that a year after the sale, when the notes given for a part
> of the purchase money became due, he ascertained that there was
> some shortage, and so informed the plaintiff, but did nqt know the
> extent thereof; that the plaintiff made a deduction from the
> amount due on the notes, and defendant then paid nearly the whole
> of what remained due after such deduction, and deeds of the land
> were delivered; that the defendant had not then ascertained the
> true amount of timber on the lands, but, supposing the shortage
> would be about 500,000 feet, obtained the reduction aforesaid for
> the shortage up to that time, as ascertained; and that he has since
> discovered that the shortage would be over 4,000,000 feet. *Held,*
> that the facts stated show a complete accord and satisfaction for
> the shortage, and that a demurrer to the counterclaim should have
> been sustained.

APPEAL from the Circuit Court for *Brown* County.

The facts will sufficiently appear from the opinion. The
plaintiff appealed from an order overruling the demurrer to
the counterclaim.

*Henry L. Buxton,* for the appellant, in addition to cases
referred to in the opinion, cited *Delaney v. McDonald,* 47
Wis. 108; *Van Trott v. Wiese,* 36 id. 439, 448; *Case v. Fish,*
58 id. 56–108; *Adams v. Sage,* 28 N. Y. 103; 2 Parsons on
Cont. (6th ed.), 782, and cases cited.

For the respondent there was a brief by *O. A. Wells,*
attorney, and *Turner & Timlin,* of counsel, and oral argu-
ment by *W. H. Timlin.* They contended, *inter alia,* that
the affirmance of a contract by a vendee after discovery
of the fraud merely extinguishes his right to rescind. His
other remedies remain unimpaired. Benj. on Sales (3d Am.
ed.), sec. 452, note *a,* and cases. The counterclaim is for
the recovery of damages and not for a rescission of the con-
tract; hence a receipt of part of the damages does not bar
the recovery of the whole. *Ellis v. Esson,* 50 Wis. 138. A
plea of accord and satisfaction is not good unless it alleges
that the matter was *accepted in satisfaction. Maze v. Miller,*
1 Wash. C. C. 328; 2 Parsons on Cont. 685, and notes;
*Bull v. Bull,* 43 Conn. 466.

ORTON, J. This action is for the balance of purchase money due on the sale of certain pine lands by the plaintiff to the defendant. The defendant counterclaimed that, at the time of said sale, the plaintiff had had an estimate of the pine timber on said lands made, and had ascertained that there was on the same 8,500,000 feet of such pine timber, and represented to the defendant that there was such an amount of pine timber on said lands. The answer further stated that the consideration of said purchase was determined from said amount of pine timber standing on said land, and that the defendant relied upon said representation, paid part of the consideration down, and gave his notes for the balance. At the end of the first year thereafter, when the said notes became due, " the defendant ascertained that there was some shortage of pine on said lands, and so informed the plaintiff, but did not know the amount thereof, and, there being then due on said notes, with interest, $18,020, the plaintiff did deduct from the amount so due upon said notes the sum of $2,020, and the defendant then paid $15,500, and the plaintiff caused to be executed, in pursuance of said contracts, deeds of said lands," as therein set forth. At that time "the defendant had not ascertained the true amount of said pine on said lands, and had no knowledge of the extent to which the same did fall short of 8,500,000 feet, but, supposing the shortage thereon to be about a half a million feet, obtained the reduction aforesaid from the plaintiff for the shortage up to that time, as ascertained, but afterwards the defendant discovered, as the fact was, that there was not to exceed the amount of 4,196,000 feet of pine timber on said lands." To the part of the answer setting up these facts the plaintiff demurred, and the demurrer was overruled.

The only question on this appeal is whether the answer sets up facts which constitute a good counterclaim for said shortage. It seems to us that the above facts show a full

settlement and accord and satisfaction for the shortage claimed by the defendant on the amount of the pine on said lands. The statement is, in effect, that after the lapse of a year after the sale the defendant, having had ample time and opportunity in which to ascertain or estimate the deficiency of said pine, and after the money was due and the deeds to be made to close up the transaction of the sale, ascertained that there was some shortage of the pine, and stated the amount thereof to be of the value of $2,020, and demanded that the plaintiff should make a deduction of said amount from the purchase money on account of the same; and the plaintiff made such deduction, and the balance of the purchase money, excepting a small amount, was paid up, and the plaintiff executed to the defendant a deed of said lands. There was no reservation of any future ascertainment of such shortage, or of any right to make any future claim on account of the same. The only way the amount of the pine had been ascertained by the plaintiff was by an *estimate;* and the defendant, after full knowledge of the land, made his own *estimate;* and it is quite probable that no actual measurement of said shortage has yet been made. These facts would seem to make a very strong case of accord and satisfaction. The language approved in *Grannis v. Hooker*, 31 Wis. 474, is as follows: "Acquiescence in the sale, although tacit, after discovery of the fraud, will be considered as an election to confirm it; and this result will not be affected by the fact of subsequently discovering *a new incident* in the fraud, for this would not confer a *new right* to rescind, but would merely confirm the previous knowledge of the fraud." 1 Benj. Sales, 336. This principle has application to this case. The defendant claims to have discovered the fraud before the time of this adjustment of it. His action, then, should be held conclusive. Here was "a satisfaction agreed upon, without any reservation between the party injuring and the

party injured, which, when performed, is a bar to all actions upon this account," and this is accord and satisfaction. 2 Greenl. Ev. § 28; 3 Bl. Comm. 15; Bac. Abr. "Accord;" *Wheeler v. Meriden Cutlery Co.* 23 Wis. 584; *Reid v. Hibbard*, 6 Wis. 175; *Kercheval v. Doty*, 31 Wis. 476; *Strasser v. Conklin*, 54 Wis. 102; *Williams v. Phelps*, 16 Wis. 80. These cases are strongly in point. The statement seems to show that it was the intenton of the parties that this should be a full and final settlement of the matter. The demurrer to the counterclaim should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.